T.C. Memo. 1995-544


UNITED STATES TAX COURT


LEONARD O. SCALES, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6022-94.                    Filed November 16, 1995.


Leonard O. Scales, pro se.

Thomas L. Fenner, for respondent.


MEMORANDUM OPINION

DEAN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7443A(b)(3)[1] and Rules 180, 181, and 182.

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioner's 1990 and 1991 Federal income taxes in the amounts of $4,841 and $5,088, respectively.

After a concession[2], the sole issue for decision is whether petitioner is entitled to deduct expenses from engaging in ranching activities during the taxable years 1990 and 1991.

Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time the petition in this case was filed, petitioner resided in Houston, Texas.

Background

Petitioner has been employed by the U.S. Postal Service for the past 25 years. During the years at issue, petitioner worked, on average, 45 hours per week, with normal work hours being 4:00 a.m. until 12:30 p.m. Petitioner's annual salary was approximately $35,000. Petitioner has a bachelor's degree in political science and has done work towards a master's degree in city planning.

At all relevant times, petitioner has been engaged in the activity of raising and tending approximately 40 head of cattle at a ranch he and his two sisters inherited from their father in 1977. Located in Washington County, Texas, approximately 70 miles from petitioner's residence in Houston, the ranch consists

---

[2]Respondent concedes that petitioner is entitled to a dependency-exemption deduction for his mother for the tax years 1990 and 1991.

of 120 acres, 30 of which are used to grow hay, and 90 of which are used to run and rotate the cattle. Petitioner was born and raised on a ranch, performing tasks which included plowing fields, raising and breeding cattle, administering medication via syringe, and hay harvesting. Petitioner received some formal education in agriculture while in high school, taking classes in cattle breeding and raising, fertilization of land, and equipment repair.

Petitioner customarily travels to the ranch several times per week in order to perform chores and to tend to the cattle. Petitioner also spends most weekends at the ranch. Since inheriting an interest in the ranch, petitioner has spent more than $25,000 on farm equipment. Petitioner bought this equipment with the intention of increasing productivity and decreasing the man hours necessary for work on the ranch.

Although the record is not clear on the matter, it appears that petitioner began reporting income, deductions, gains, and losses, with respect to his activities at the ranch on his 1982 Federal income tax return. For the taxable years 1990 and 1991, the years at issue, petitioner reported Schedule F gross income from "Raising Cattle" and "General Livestock" in the respective amounts of $1,068 and $1,200. For those same years, petitioner claimed Schedule F deductions for the following expenses:

| Item | 1990 | 1991 |
|------|------|------|
| Car and truck | $2,722 | $2,988 |

| | | |
|---|---|---|
| Depreciation | 6,183 | 7,058 |
| Feed purchases | 2,937 | 2,277 |
| Insurance | -- | 399 |
| Conservation | 337 | -- |
| Interest | 2,876 | 1,361 |
| Labor | -- | 1,298 |
| Repairs & maintenance | 2,790 | 1,364 |
| Supplies purchased | 2,102 | 1,921 |
| Veterinary fees | 143 | -- |
| Taxes | -- | 151 |
| Legal & accounting | 125 | -- |
| | | |
| Total | 20,215 | 18,817 |

Petitioner claimed net farm losses in the amounts of $19,147 and $17,617 for the taxable years 1990 and 1991, respectively.[3]

To date, petitioner has not reported a net profit in any year from his ranching activities. At trial petitioner explained that some of the losses in prior years were due to the theft or death of some of his herd. Petitioner produced no records, however, nor could he recollect the exact number of such thefts or deaths, or the year in which they took place.

Petitioner concedes that he does not use a written budget to control costs. Furthermore, petitioner concedes that he has never consulted an expert regarding available means by which he could make his efforts profitable. Petitioner has, however, spoken about his cattle with a veterinarian friend, a lending

---

[3]Although the taxable year 1989 is not at issue, the parties stipulated that petitioner reported a net loss from his ranching activities that year in the amount of $18,514. Furthermore, as demonstrated by copies of petitioner's 1987, 1988, 1992, and 1993 Federal income tax returns admitted at trial, petitioner reported net losses from his ranching activities those years in the amounts of $22,691, $15,566, $9,233, and $15,587, respectively.

officer at Washington State Bank, his cousin, and other farmers. Although petitioner does not maintain a separate checking account for his ranching activities, he maintains monthly and yearly ledger sheets which indicate items of ranch expense and amounts paid.

When asked at trial about the future profitability of his activities, petitioner offered confused and often contradictory testimony. Nevertheless, we understand petitioner to have argued that once he has paid off the debt on the farm equipment he has purchased, he will be able to turn a profit from the sale of calves born to his herd, the size of which he hopes will grow to about 100 head.

Respondent states that petitioner's ranching activities lack a profit motive, and that he is not entitled to the Schedule F deductions claimed for the years at issue. Petitioner, of course, disagrees and argues that he is entitled to the deductions claimed as he engaged in the activities at the ranch for the primary purpose of turning a profit.

Discussion

In general, section 183(a) provides that if an activity is not engaged in for profit, no deduction attributable to such activity shall be allowed except as provided in section 183(b). For purposes of section 183, the term "activity not engaged in for profit" means any activity other than one with respect to which deductions are allowable for the taxable year under section

162 or under paragraph (1) or (2) of section 212. Sec. 183(c). Section 1.183-2(b), Income Tax Regs., provides a non-exhaustive list of 9 factors to consider in the determination of whether an activity is engaged in for profit. These factors are: (1) The manner in which the taxpayer carried on the activity; (2) the expertise of the taxpayer or his advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, which are earned; (8) the financial status of the taxpayer; and (9) whether elements of personal pleasure or recreation are involved. Resolution of a taxpayer's profit motive is to be based on all the facts and circumstances surrounding a case. Engdahl v. Commissioner, 72 T.C. 659, 666 (1979). However, in order for the taxpayer to prevail, the facts and circumstances must indicate that the taxpayer entered into, or continued, the activity with an actual and honest objective of making a profit. Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983).

Although several of the factors listed in Section 1.183-2(b) favor petitioner, particularly the amount of time invested in his activities and his moderate income level, we nevertheless find that, based on all the facts and circumstances of this case,

petitioner lacked an actual and honest objective of making a profit.

Petitioner presented no credible evidence that he had any real plan for reversing the continuous stream of net farming losses he has reported over the past decade. Petitioner has never consulted an expert on the means by which he could turn a profit, nor has he changed his operating methods in an effort to correct what was obviously not working. This is not surprising considering that petitioner failed to keep any meaningful records that would allow him to gauge the present or future profitability of his activities. Although petitioner maintained ledger sheets recording his expenditures, there is no evidence that he used this information in any constructive way. The following exchange at trial is particularly illuminating in this regard:

> Q: All right. When do you think that you will buy all of the equipment that you will have to buy, have it all paid off so that you will begin to make money at the ranch?
>
> A: I also expected -- I probably -- about '95 or '96. I owe on two more pieces of equipment, one note on each.
>
> *       *       *       *       *       *       *
>
> Q: All right. But after you pay off the equipment, though, won't -- certain of your expenses, they won't necessarily fall, decrease -- like, for example, the feed expense won't fall, or the supplies expense, or the truck expense. After you pay off your equipment, won't those expenses -- they shouldn't necessarily fall. Is that right?
>
> *       *       *       *       *       *       *

A: I can't answer that, but the expenses could fall to a certain point. Depends on -- you know, it depends on what breaks down, or --

THE COURT: Or they could go up.

THE WITNESS: Or it could go up. Way up. I can't make a statement saying they will fall, or that they will go up. I can't say that.

In determining a taxpayer's profit motive, it is not crucial that the expectation of profit be a reasonable one; it is enough that the taxpayer has a bona fide expectation of realizing a profit. However, a record of continued losses over a series of years, or the unlikelihood of achieving a profitable operation, may be an important factor bearing on the taxpayer's true intentions. Bessenyey v. Commissioner, 45 T.C. 261, 274 (1965), affd. 379 F.2d 252 (2d. Cir. 1967). We note that it has been recognized that:

> If losses, or even repeated losses, were the only criterion by which farming is to be judged a business, then a large proportion of the farmers of the country would be outside the pale. It is the expectation of gain, and not gain itself which is one of the factors which enter into the determination of the question. * * * [Riker v. Commissioner, 6 B.T.A. 890, 893 (1927).]

Nevertheless, even in the case of farmers or ranchers, it is to be borne in mind that the goal must be to realize a profit on one's entire operation. This presupposes not only future net earnings, but also sufficient net earnings to recoup losses which

have been sustained in the intervening years.  Bessenyey v.

Commissioner, supra at 274.

Even if we accept that petitioner will achieve his goal of

increasing the size of his herd to 100 head, and thereby the

number of calves born and available for sale, petitioner has

failed to produce any evidence that this will ever produce income

in excess of his expenses.  In light of the foregoing, we find

that petitioner has failed to demonstrate that he possessed the

requisite profit motive for his ranching activities.[4]

Accordingly, we sustain respondent on this issue.

Section 183(b) states that:

In the case of an activity not engaged in for profit to
which subsection (a) applies, there shall be allowed --

    (1) the deductions which would be allowable under
this chapter for the taxable year without regard to
whether or not such activity is engaged in for profit,
and

    (2) a deduction equal to the amount of the
deductions which would be allowable under this chapter
for the taxable year only if such activity were engaged
in for profit, but only to the extent that the gross
income derived from such activity for the taxable year
exceeds the deductions allowable by reason of paragraph
(1).

Substantiation of the Schedule F expenses was not raised as an

issue in this matter.  Based on the record, the Court is

satisfied that petitioner incurred expenses equal to the gross

---

[4]We have considered the possibility that petitioner might be
holding the ranch for appreciation and sale in the future for
profit.  See sec. 1.183-2(b)(4), Income Tax Regs.  Petitioner,
however, stipulated that he plans to build a house on the ranch
and retire there.

income reported from the sale of calves during the years at issue.[5]  Accordingly, petitioner is allowed, under section 183(b)(2), a deduction of expenses each year equal to the gross income reported.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.

---

[5]It is not clear from the record whether petitioner incurred items of expense contemplated by sec. 183(b)(1) in either of the years at issue.  As there are sufficient expenses which otherwise fall under sec. 183(b)(2), however, we are satisfied that petitioner is entitled to a deduction each year in an amount equal to the gross income reported from his ranching activities.